UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYDON CLYDE TETON,<br><br>                Petitioner,<br>     v.<br><br>UNITED STATES DISTRICT COURT, et al.,<br><br>                Respondents. | CASE NO. 2:24-cv-01162-RAJ-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 10, 2024 |

The District Court has referred this federal habeas action to United States Magistrate Judge David W. Christel. Petitioner Rydon Clyde Teton initiated this action by filing a federal habeas petition pursuant to 28 U.S.C. § 2241. Dkt. 4. Although Petitioner invokes § 2241, his claims challenge the validity of his federal conviction and sentence, not the execution of that sentence. As Petitioner has also raised his claims in separate habeas action filed in the appropriate federal forum, this action should be dismissed.

**I.   BACKGROUND**

Petitioner is currently confined within the Federal Detention Center in SeaTac, Washington, which is located within the territorial district of this Court. Dkt. 4 at 2. Rather than

REPORT AND RECOMMENDATION - 1

1  challenging the execution of the sentence being served at that facility, Petitioner raises claims

2  challenging the legality of the conviction and sentence entered in *United States v. Rydon Clyde*

3  *Teton*, No. 4:18-cv-236-DCN (D. Idaho judgment entered Jan. 22, 2024). Specifically,

4  Petitioner's claims concern speedy trial rights, competency to stand trial, and various issues

5  related to § 5K1.1 of the United States Sentencing Guidelines. Dkt. 4 at 3–4. These types of

6  challenges are generally appropriate under 28 U.S.C. § 2255, not § 2241.

## II.   DISCUSSION

**A.    28 U.S.C. § 2255 is Petitioner's exclusive avenue for obtaining the relief he seeks.**

Under 28 U.S.C. § 2241, a federal prisoner may seek habeas relief on claims challenging the execution of their federal sentence, such as the computation of time credits or parole decisions. *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000). However, with limited exception, 28 U.S.C. § 2255 offers the exclusive mechanism for a federal prisoner to challenge to the validity of their federal conviction and sentence, and such challenges must be brought in the federal district where conviction and sentencing occurred. *See id.*; *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (citing *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). The "savings clause" of § 2255(e) allows a federal prisoner to seek relief under § 2241 only if the remedy provided by § 2255 is "inadequate or ineffective," such as claim involving factual innocence that could not otherwise be brought. 28 U.S.C. § 2255(e). The saving-clause exception is narrow, and the fact that a petitioner may face procedural hurdles in bringing a challenge under § 2255 does not make the remedy inadequate or ineffective. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

In this case, there is no indication that the remedy available to the Petitioner under 28 U.S.C. § 2255 is inadequate or ineffective. Petitioner does not claim actual innocence and,

REPORT AND RECOMMENDATION - 2

1  instead, challenges the way his conviction and sentence were imposed. Dkt. 4 at 4. Also,
2  Petitioner recently filed a § 2255 petition raising virtually identical claims to those raised here.
3  *Compare id. with Teton v. United States*, No. 4:24-cv-00376-DCN, Dkt. 1 (D. Idaho filed Aug.
4  19, 2024). Thus, instant petition is not excepted under the savings clause and must be construed
5  as one filed under 28 U.S.C. § 2255.

6  **B.    This action should be dismissed rather than transferred.**

7       As the instant petition challenges the validity of Petitioner's federal conviction and
8  sentence, the appropriate forum is the federal district court where his conviction and sentence
9  were imposed, not the district where Petitioner is currently confined. *Hernandez*, 204 F.3d at
10 864–65. This Court being the latter, it must either dismiss the petition for want of jurisdiction or
11 transfer it to the appropriate forum.

12      Pursuant to 28 U.S.C. § 1631, when a civil action is filed in the wrong jurisdiction, a
13 federal court "shall, if it is in the interest of justice, transfer such action" to any other federal
14 court in which the action may have been brought in the first instance. *Id.* Transfer under this
15 provision generally "serves to aid litigants who were confused about the proper forum for
16 review" and avoids often "time-consuming and justice-defeating" dismissals. *Miller v.
17 Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (citations and quotations omitted).

18      Since Petitioner has already properly filed a § 2255 motion before his court of conviction
19 raising ostensibly the same claims brought here, neither of these factors for transferring this case
20 are applicable. *Compare* Dkt. 4 *with Teton*, No. 4:24-cv-00376-DCN, at Dkt. 1. As transfer of a
21 duplicative habeas action would not serve the interest of justice, this action should be dismissed,
22 not transferred.

23
24

REPORT AND RECOMMENDATION - 3

### III.  CONCLUSION

For the reasons set forth above, the undersigned recommends the petition (Dkt. 4) and this action be dismissed without prejudice for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration September 10, 2024, as noted in the caption.

Dated this 26th day of August, 2024.

David W. Christel
United States Magistrate Judge